UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEENA A., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 19-1721-MLP <br><br> ORDER |

## I.   INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by failing to address her testimony regarding sitting and standing limitations and by failing to develop the record. (Dkt. # 10.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.   BACKGROUND

Plaintiff was born in 1971, has a high school education, and has worked as an art director. AR at 109, 57, 22. Plaintiff was last gainfully employed in October 2017. *Id.* at 58. She alleges disability beginning March 1, 2016. *Id.* at 15. After conducting a hearing in June 2018, the ALJ issued a decision in November 2018 finding Plaintiff not disabled. *Id.* at 29-106, 15-23.

ORDER - 1

Utilizing the five-step disability evaluation process,[1] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since November 2017.

Step two: Plaintiff has the severe impairment of lumbar spine degenerative disc disease.

Step three: This impairment does not meet or equal the requirements of a listed impairment.[2]

Residual Functional Capacity: Plaintiff can perform sedentary work, frequently climbing ramps/stairs, balancing, and kneeling; occasionally stooping and crawling; and never crouching or climbing ladders, ropes, or scaffolds. She can have no exposure to vibration or wetness and no concentrated exposure to extreme cold or hazards.

Step four: Plaintiff can perform past relevant work as an art director and thus is not disabled.

Step five: The ALJ did not reach step five.

AR at 17-23.

### III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

1   Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical

2   testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d

3   1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may

4   neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v.*

5   *Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one

6   rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.   DISCUSSION

### A.   The ALJ Did Not Err by Discounting Plaintiff's Testimony

Plaintiff testified she was capable of standing and walking three hours a day, sitting three hours a day, and needed to recline the remaining two hours per day. AR at 97-99. Plaintiff contends the ALJ made only a general credibility finding, failing to address her specific testimony about her "inability to sit or stand for extended periods." (Dkt. # 10 at 3.)

However, while the ALJ may have explained his decision "with less than ideal clarity," his "path may be reasonably discerned." *Alaska Dep't of Envtl. Conserv. v. EPA*, 540 U.S. 461, 497 (2004); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). The ALJ restricted Plaintiff to sedentary work, sitting about six hours and standing or walking about two hours. AR at 19; *see* 20 C.F.R. §§ 404.1567(a), 416.967(a); Social Security Ruling 96-9p, 1996 WL 374185 at *3 (S.S.A. 1996). Based on the RFC, the ALJ only rejected Plaintiff's testimony she could not sit six hours per day.

The ALJ discounted Plaintiff's testimony as inconsistent with her work history and unsupported by the medical evidence. AR at 20-22. For about six months in 2017, Plaintiff worked at a retail shop about 30 hours per week and "had to sit a lot." *Id.* at 59, 60-61. Then she moved to a position as a sales representative so more of her work time would be spent sitting in

her car, which is her "only good seat…." *Id.* at 59. She was able to work 80 hours a week, double a normal work-week, mostly sitting. *Id.* at 62. The ALJ reasonably inferred this activity was inconsistent with testimony she could not sit more than three hours per day. An ALJ may discount a claimant's testimony based on daily activities that contradict her testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Conflict with her activities was a clear and convincing reason to discount Plaintiff's testimony.

### B.   The ALJ Did Not Err by Failing to Develop the Record

Plaintiff contends the ALJ erred by failing to further develop the record because the record lacked "any imaging … that might have explained some of Plaintiff's symptoms." (Dkt. # 10 at 7.) However, the ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." AR at 20. Plaintiff cannot show harmful error in the lack of additional support for a finding in her favor.

Plaintiff also contends the record was insufficient because it lacked "an opinion from a medical source familiar with the nature of Plaintiff's functioning." (Dkt. # 10 at 6.) "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). Plaintiff identifies no ambiguity and fails to show the record was inadequate to support the ALJ's decision. The available medical opinions supported the ALJ's RFC determination. At the hearing, Plaintiff specifically asked the ALJ to give weight to a letter from Susan Vlasuk, D.C., and the ALJ did so. AR at 45-46, 20. Dr. Vlasuk stated Plaintiff was "young, trim, and healthy in appearance … and demonstrated no alterations in gait or body carriage." *Id.* at 392. She concluded her clinical findings showed "routine degenerative changes, common to many adults, and they are not generally disabling." *Id*. The ALJ accepted

this statement. Plaintiff points to nothing suggesting that obtaining additional opinions from unspecified medical sources would change the outcome of the disability determination.

The Court concludes the ALJ did not err by failing to develop the record.

## V.     CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 12th day of June, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 5